## TRABING *v.* BOARD OF COMMISSIONERS OF ALBANY COUNTY.

SURETIES.—Though at common law the discharge of one surety to a bond or undertaking may discharge all, a court of chancery may interfere, and see that material justice is meted out to all parties.

APPEAL from the District Court for Albany County.

This was an action in chancery brought from the second judicial district to March term of this court, 1876. The record shows that on the twenty-third day of July, A. D. 1869, the appellant, with one J. H. Finfrock, became sureties for one Samuel Douglass, who had been indicted by the grand jury of the offense of assault and battery, with intent to kill and murder. The bond aforesaid being in the penal sum of one thousand dollars, suit was brought on the said bond in the district court in and for Albany county, at the September term, A. D. 1870.

On the third day of July, A. D. 1872, the board of county commissioners, at a regular meeting held at the commissioners' office at Laramie city, in said county of Albany, made an arrangement by which the said J. H. Finfrock was, on the payment of two hundred and fifty dollars, released from all further payment or liability on account of said bond or judgment, the bond having become merged in the judgment.

On the ninth day of July, A. D. 1875, an execution was issued out of the district court, directing the sheriff of Carbon county to levy on the personal property of A. Trabing to satisfy the said judgment, interest and costs. The sheriff proceeded to levy on certain cattle and other property belonging to defendant Trabing and others, and advertised the property for sale. Trabing, on the thirty-first of July, 1875, filed his bill in equity, and prayed for a restraining order to stop the sheriff, commissioners, etc., from pro-

ceeding further, which order was granetd by the judge of the second judicial district; but after several hearings on the said bill at the September term of the court in and for Albany county, on the eighteenth day of October, A. D. 1875, the plaintiff's (Trabing) bill was dismissed. It should be stated that prior to the hearing of said bill a stipulation was entered into by the counsel for the plaintiff on his side, and the county attorney for Albany county agreeing to a certain statement of the facts, upon which the whole case was submitted to the district court in the nature of a case stated.

The plaintiff appealed from the decision of the court below, and brings the record here for review, and assigns for error the ruling of the court on the facts as set out in the stipulation of the parties, claiming that the action of the county commissioners in releasing Finfrock from all further liability without the consent of Trabing, released and exonerated Trabing from any further payment on the judgment.

*J. Street,* for appellant, cited 1 Story's Eq. Jur. sec. 112; 1 Pars. on Con. 27; *Milligan* v. *Brown,* 1 Rawle, 391.

*C. W. Bramel,* for appellant, cited 17 Cal. 239; C. Johnson, C. R. 242 *et seq.; Ruggles* v. *Patten,* 8 Mass. 479; 7 Johns. 207; 12 Wright Pa. R. 168.

By the Court, FISHER, C. J.: We think the court below erred in dismissing plaintiff's bill. The laws of Wyoming invest the court with very extended powers in chancery cases. The chancellor is invested with the power to grant the prayer of the bill, to dismiss the bill, or to grant such relief as shall be in accordance with justice and good conscience. Now, Finfrock being released from all liability on account of the bond or judgment obtained thereon, leaves Trabing liable for the whole amount. And by the dismissal of his bill he becomes liable to pay the judgment, interest and cost, and at the same time deprived of the priv-

ilege of proceeding against Finfrock for contribution. Surely this cannot be explained upon any equitable hypothesis. We therefore think the proper order would have been to modify the claim as .provided. for in section 511 of the code of 1873, and that unless the plaintiff in the. judgment on the bond would accept of such modified order, that then the injunction should have been granted as prayed for.

This court therefore order and decree that upon the plaintiff in this action paying to the board of county commissioners of Albany county the sum of two hundred and fifty dollars, with interest from the date of the release given to Finfrock and the costs, that the said board shall execute a full release and satisfaction, and that upon their failure to comply with this order, that then the injunction be made perpetual. This action is based upon the provisions of sections 512 and 513 of the statutes of Wyoming, 1873, which invests this court with the power to reverse, vacate or modify any judgment rendered or final order made by the district court or any judge thereof.